1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MARIO CARRASCO,

                                        Plaintiff,

v.

T-MOBILE USA, INC. et al.,

                                        Defendants.

Case No. 24-cv-2471-MMA-KSC

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

[Doc. No. 6]

     Plaintiff Mario Carrasco initiated this employment action against T-Mobile USA, Inc. ("T-Mobile"), Anna Argast, and Does 1 through 50, in the California State Court, Cal. Sup. Ct. Case No. 24CU025147C, asserting various violations of the California Labor Code, Doc. No. 1-4 ("Compl."). On December 27, 2024, T-Mobile removed the action to this Court pursuant to 28 U.S.C. § 1332. Doc. No. 1 ("Notice of Removal" or "NOR"). Plaintiff now moves to remand the action back to state court. Doc. No. 6. T-Mobile filed a response in opposition to the motion to remand, to which Plaintiff replied. Doc. Nos. 9, 10. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 12. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

# I. BACKGROUND

Plaintiff was hired by T-Mobile on March 9, 2015, to work at a brick-and-mortar store in Chula Vista. Compl. ¶ 13. During his nearly 10-year employment with T-Mobile, Plaintiff worked at five different stores and in various roles, including as a supervisor, associate manager, and high-volume manager. *Id.* ¶ 15.

On October 7, 2023, Defendant Argast started as Store Manager at Plaintiff's store location. *Id.* ¶ 17. In early November, Plaintiff and another associate raised concerns about not being able to take rest breaks to Argast. *Id.* ¶¶ 18–21. Later in November, Plaintiff informed T-Mobile's Human Resources ("HR") that there was an issue with the timekeeping application such that Plaintiff could not record missed breaks. *Id.* ¶ 22.

On January 23, 2024, Argast communicated to Plaintiff that he was taking too long of lunch breaks. *Id.* ¶ 24. Plaintiff reiterated to Argast that he was unable to take rest breaks and could not record missed breaks in the mobile app. *Id.* ¶¶ 24–25. Argast responded that Plaintiff was making excuses, and confronted Plaintiff about missing his closing shift assignments from the night before, which was "going on his permanent record." *Id.* ¶ 27.

On February 2, 2024, Plaintiff reported to a District Manager that he felt he was being targeted by Argast and also raised the issued with the missed breaks. *Id.* ¶¶ 32–34.

On March 1, 2024, Plaintiff received a disciplinary write-up with respect to a sales incident that occurred a year prior, and because Plaintiff had allegedly been taking extended lunches. *Id.* ¶ 35. Plaintiff alleges Argast only wrote Plaintiff up after he complained. *Id.*

On May 6, 2024, Plaintiff was terminated for breaking company policy. *Id.* ¶ 37. When Plaintiff inquired further, he was told of a situation that occurred months earlier when he allegedly opened the tills before all customers had left the store. *Id.* ¶ 38. According to Plaintiff, this is not prohibited in the employee handbook or Code of Conduct, and he did not receive a warning. *Id.* ¶ 40. He was also accused of failing to lock the door. *Id.* ¶ 41.

As a result, Plaintiff initiated this action in the San Diego County Superior Court on November 26, 2024. *See* Compl. He asserts the following seven (7) claims: (1) whistleblower retaliation, Cal. Labor Code § 1102.5, against T-Mobile; (2) whistleblower wage & hour retaliation, Cal. Labor Code § 98.6, against T-Mobile; (3) wrongful termination in violation of public policy against T-Mobile; (4) failure to provide rest periods, Cal. Labor Code § 226.7, against both Defendants; (5) failure to provide accurate wage statements, Cal. Labor Code § 226, against T-Mobile; (6) failure to pay wages upon termination, Cal. Labor Code §§ 201–03; and (7) unfair business practices, Cal. Bus. & Prof. Code § 17200, against both Defendants.

T-Mobile was served with the Complaint on November 27, 2024. Doc. No. 1-5. On December 24, T-Mobile filed its Answer, Doc. No. 1-8, and three days later, on December 27, removed the action to federal court, Doc. No. 1. Plaintiff now moves to remand the action to state court. Doc. No. 6.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, district courts are presumed to lack jurisdiction unless the Constitution or a statute expressly provides otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party seeking to prove federal jurisdiction bears the burden of establishing it. *See, e.g.*, *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (providing that "the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show jurisdiction"). Generally, federal subject matter jurisdiction exists due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.

In cases arising out of diversity jurisdiction, such as the present case, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to

require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"Except as otherwise expressly provided by Act of Congress," where a plaintiff files a civil action in state court over which the federal district courts have original jurisdiction, the defendant may remove that case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court. 28 U.S.C. § 1441(a). However, a civil action otherwise removable solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1232 (S.D. Cal. 2021). "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Courts strictly construe the removal statute against removal jurisdiction. *See GranCare, LLC v. Thrower*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Further, "[t]he presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *GranCare*, 889 F.3d at 550.

### III. DISCUSSION

Here, the parties' dispute centers on whether Defendant Argast was fraudulently joined. *See* Doc. No. 6-1 at 5–6; Doc. No. 9 at 2. According to the Notice of Removal, Plaintiff served T-Mobile with the Complaint on November 27, 2024. NOR ¶ 3. T-Mobile alleges that, to its knowledge, Defendant Argast was never personally served with the Complaint and therefore, her consent to the removal was not required. *Id.* ¶ 5.

T-Mobile contends that this Court has diversity jurisdiction over this action because the parties are diverse and the amount in controversy exceeds $75,000. *Id.* ¶ 7. Namely, T-Mobile explains that it is a citizen of Delaware and Washington, *id.* ¶ 9, and that Plaintiff is a citizen of California, *id.* ¶ 8. T-Mobile alleges that Defendant Argast was fraudulently joined and therefore that her citizenship should be disregarded for the purpose of determining diversity jurisdiction. *Id.* ¶ 13. Plaintiff disagrees and contends that he has properly alleged that Defendant Argast is a managing agent and therefore can be held liable under the California Labor Code. Doc. No. 6-1 at 10–11. Defendant Argast is a citizen and resident of California. *Id.* ¶ 13; Compl. ¶ 4. It is therefore seemingly undisputed that if her citizenship is considered, there is not complete diversity.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare*, 889 F.3d at 548 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" of proving fraudulent joinder by "clear and convincing evidence." *GranCare*, 889 F.3d at 548; *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to

the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also GranCare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

The Court notes at the outset that T-Mobile has submitted no evidence in support of its opposition to Plaintiff's motion to remand. *See* Doc. No. 9. But considering the entire record, including the allegations in the Complaint and Notice of Removal, as well as the exhibits attached to T-Mobile's Notice of Removal, the Court finds that T-Mobile has not met its heavy burden of demonstrating that Argast was fraudulently joined.

Plaintiff asserts Claims 4 and 7 against Argast, for failure to provide rest periods in violation of California Labor Code § 226.7 and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, respectively. *See* Compl. at 13, 17. The California Labor Code provides that "[a]ny employer or other person acting on behalf of an employer" may be held liable for Labor Code violations. Cal. Labor Code § 558.1(a). Section 558.1 further defines "other person acting on behalf of an employer" as someone who "is an owner, director, officer, or managing agent of the employer." Cal. Labor Code § 558.1(b). The California Supreme Court has held that a "managing agent" includes "supervisors who have broad discretionary powers and exercise substantial discretionary authority in the corporation." *White v. Ultramar, Inc.*, 88 Cal. Rptr. 2d 19, 29 (Cal. 1999) (discussing "managing agent" as defined by California Civil Code § 3294(b)); *see also* Cal. Labor Code § 558.1(b) (providing that "'managing agent' has the same meaning as in" California Civil Code § 3294(b)). However, it excludes "supervisors who have no discretionary authority over decisions that ultimately determine corporate policy." *Id.*

According to the Complaint, beginning October 7, 2023, Argast was a Store Manager at the T-Mobile location where Plaintiff worked. Compl. ¶ 17. Plaintiff alleges that Argast was responsible for assigning work schedules, including meal and rest periods. *Id.* ¶ 21. When Plaintiff complained to HR about missing breaks and issues

with T-Mobile's timekeeping application, HR told Plaintiff to work it out with Argast, *id.* ¶ 22, who did not assist him with these issues and instead merely told him to manage his time better, *id.* ¶ 26. And when Plaintiff began taking his rest breaks immediately after his lunch breaks, Argast told Plaintiff that his breaks were too long. *Id.* ¶ 24. According to Plaintiff, Argast then engaged in a pattern of fabricating issues so she could discipline Plaintiff, such as for failure to complete his closing shift tasks, *id.* ¶¶ 26–27, taking short lunch breaks, *id.* ¶ 29, and accepting trade-ins with cracked back glass, *id.* ¶ 31. Plaintiff complained to his District Manager that he felt Argast was targeting him and being dishonest, *id.* ¶ 32, and he was told again to work it out with Argast, *id.* ¶ 34. According to Plaintiff, Argast is personally responsible for the rest period violations as she failed to schedule sufficient personnel to afford Plaintiff with adequate opportunities to take rest breaks and for reprimanding and disciplining Plaintiff for taking rest breaks when he did. *Id.* ¶ 84.

T-Mobile contends that these allegations are insufficient to state a claim against Argast as a managing agent. NOR ¶¶ 17, 21. Plaintiff argues that Argast qualifies as a managing agent under the Labor Code based upon her broad discretionary authority and substantial independent control over store operations, including hiring, scheduling, training, marketing, team leadership, coaching, developing, and overseeing of employees, and, at her discretion, discipline and terminations. Doc. No. 6-1 at 8. Argast herself concedes that she maintains these responsibilities as Retail Store Manager. Doc. No. 1-2 ("Argast Decl.") ¶ 3. However, Argast explains that her discretion regarding discipline and termination is not unlimited, *id.* ¶ 4, and she explains that she has no authority or discretion to determine corporate policy, including anti-retaliation and wage-and-hour policies, *id.* ¶ 6.

Whether Argast has limited authority regarding discipline and termination is not dispositive here because she currently faces two claims stemming from Plaintiff's allegations that she was personally involved in denying Plaintiff his rest periods in violation of the Labor Code, and T-Mobile offers no evidence that her authority in this

respect (i.e., scheduling, managing employees' breaks, day-to-day operations) was not unfettered. Moreover, Argast's belief that she has no authority over corporate policy is conclusory and similarly not dispositive here. *Abdelmalak v. ReOpen Diagnostics, LLC*, No. 8:24-cv-01365-FWS-JC, 2024 U.S. Dist. LEXIS 165396, at *13 (C.D. Cal. Sep. 13, 2024) ("Indeed, courts regularly reject [conclusory] declarations as insufficient to carry a defendant's burden to show fraudulent joinder in the Section 558.1 context."). Accepting that Argast does not determine T-Mobile's written, corporate wage-and-hour policies does not preclude a finding that she has sufficient "authority that results in the ad hoc formulation of policy." *King v. U.S. Bank Nat'l Ass'n*, 266 Cal. Rptr. 3d 520, 557 (Cal. Ct. App. 2020).

Determining whether an individual is a managing agent "is a fact-intensive inquiry that does not rely on corporate labels." *Gonzalez v. Sheraton Operating Corp.*, No. CV 20-8785 DSF (AGRx), 2020 U.S. Dist. LEXIS 225384, at *4 (C.D. Cal. Dec. 1, 2020); *see, e.g.*, *Garcia v. Keefe Commissary Network, LLC*, No. EDCV 20-695 JGB (SHKx), 2020 U.S. Dist. LEXIS 106030, at *7 (C.D. Cal. June 16, 2020); *Abdelmalak*, 2024 U.S. Dist. LEXIS 165396, at *18. Here, Argast was Plaintiff's supervisor, and she is alleged to have directly participated in the events that Plaintiff contends violated the California Labor Code's meal and rest period requirements. A California court could find that Argast had broad discretion over scheduling shifts as well as meal and rest breaks, and that ensuring compliance with state law requirements for meal and rest periods at the storefront level is a corporate policy over which she had sufficient discretion and authority. T-Mobile's legal arguments to the contrary ignore what appears to be an emerging consensus among district courts in this Circuit finding that remand is appropriate on sufficiently analogous facts and records. *See Guzman v. Peri & Sons Farms of Cal., LLC*, No. 1:21-cv-00348-JLT-SKO, 2022 U.S. Dist. LEXIS 230515, at *19 (E.D. Cal. Dec. 22, 2022) (rejecting fraudulent joinder argument and remanding case where the defendant was packing shed manager and was alleged to have "personally directed employees to record their hours ins ways that violated California's labor laws");

*see also Kendrick v. Mindlance Inc.*, No. CV 23-9037-KK-ASx, 2024 U.S. Dist. LEXIS 29711, at *12 (C.D. Cal. Feb. 21, 2024) (rejecting fraudulent joinder argument and remanding case where the defendant was a Senior Director of Program Management and the plaintiff's supervisor and was alleged to have been directly involved in the violations); *Dole v. Verisk Analytics, Inc.*, No. 22-cv-06625-JD, 2023 U.S. Dist. LEXIS 66890, at *5 (N.D. Cal. Apr. 17, 2023) (rejecting fraudulent joinder argument and remanding case where the defendant was the plaintiff's manager and allegedly directed the plaintiff to falsify her time sheets and was otherwise alleged to have directly participated in the violations); *Dopp v. NOW Optics, Ltd. Liab. Co.*, No. 22-CV-964-CAB-RBB, 2022 U.S. Dist. LEXIS 150698, at *10 (S.D. Cal. Aug. 22, 2022) (rejecting fraudulent joinder argument and remanding case where the defendant was District Manager and was alleged to have authority over eight stores, including the budgeting and staffing); *Abdelmalak*, 2024 U.S. Dist. LEXIS 165396, at *18 (rejecting fraudulent joinder argument and remanding case where the defendants were human resources representatives for the plaintiff's employer and were alleged to have directly participated in the violations); *Jones v. Wyndham Vacation Ownership, Inc.*, No. 21-cv-02061-DMR, 2021 U.S. Dist. LEXIS 138919, at *11 (N.D. Cal. July 26, 2021) (rejecting fraudulent joinder argument and remanding case where the defendant was Vice President of corporation and the plaintiff's supervisor and was alleged to have personal involvement with determining the plaintiff's schedule and wages); *Gonzalez*, 2020 U.S. Dist. LEXIS 225384, at *5 (rejecting fraudulent joinder argument and remanding case where the defendant was Executive Chef at the hotel where the plaintiff worked and the plaintiff's supervisor).

Therefore, because the Court cannot say on this record that Plaintiff could not possibly state a claim against Argast, the Court finds that T-Mobile fails to demonstrate by clear and convincing evidence that Argast was fraudulently joined such that her citizenship should be disregarded for the purpose of determining diversity jurisdiction. Considering Argast's California citizenship, there is not complete diversity.

Consequently, the Court lacks subject matter jurisdiction over this case and it must be remanded.

### IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Plaintiff's motion to remand. The Court **DIRECTS** the Clerk's of Court to return this action to the San Diego County Superior Court forthwith and close this case.

**IT IS SO ORDERED**.

Dated:  April 11, 2025

HON. MICHAEL M. ANELLO
United States District Judge